**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Ann Leal, | No. CV-19-02691-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Denise Leal's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 40), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 41), to which Plaintiff replied, (Doc. 42). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 34), and the Administrative Law Judge's ("ALJ") decision, (Doc. 34-3 at 23–43), and will affirm the ALJ's decision for the reasons addressed herein.

**I.   BACKGROUND**

Plaintiff filed an Application for SSDI benefits in January 2015, alleging a disability beginning in July 2014. (Doc. 34-6 at 4.) Plaintiff's claim was initially denied in May 2015. (Doc. 34-5 at 3.) A hearing was held before ALJ Guy Fletcher on August 8, 2017. (Doc. 34-3 at 45.) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including degenerative disc

disease, sacroiliac joint dysfunction, trochanteric bursitis, depressive disorder, and anxiety disorder. (Doc. 34-3 at 29.) The ALJ concluded that despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work. (Doc. 34-3 at 33.) Consequently, Plaintiff's Application was again denied by the ALJ on April 13, 2018. (Doc. 34-3 at 40.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 34-3 at 3.)

## II. LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. DISCUSSION

Plaintiff argues the ALJ's RFC finding was not supported by the evidence, and that the ALJ erred by not considering some of Plaintiff's medical records. (Doc. 40 at 5, 8.) The Commissioner argues the ALJ's opinion is supported by the record, and that the ALJ properly precluded Plaintiff's untimely submitted medical records. (Doc. 41 at 4, 10.) The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues: (1) the ALJ did not consider Plaintiff's physical and mental limitations; (2) the ALJ did not consider Plaintiff's medication side effects; and (3) the ALJ's findings about Plaintiff's injection treatment, back pain, and multiple symptoms did not align with her medical records. (Doc. 40 at 5–9.) The Commissioner argues the Plaintiff's subjective symptom allegations were inconsistent with the medical evidence. (Doc. 41 at 4.)

Here, the ALJ discussed all of Plaintiff's subjective limitations before determining which limitations were supported by record evidence. The ALJ found Plaintiff's history of back and sacroiliac pain, as well as related treatments, justified a light exertional level.

Plaintiff's other limitations justified additional accommodations including the option to sit or stand, and being tasked with only simple, unskilled work. But the ALJ found the evidence did not support Plaintiff's assertions as to the severity of her pain, supporting that finding with citations to Plaintiff's testimony about her daily activities and her providing occasional childcare for her granddaughter. The medical evidence reflected "minimal pathology for a disabling level of pain" and other mild or normal ailments. The ALJ acknowledged but did not discredit the short-term relief provided by Plaintiff's injection therapy. The ALJ also found Plaintiff's medical records did not support limitations for headaches or issues with her hands, based on no history of complaints or treatment.

The ALJ's decision does not address Plaintiff's testimony that her Gabapentin prescription causes sleepiness, shakiness, and affects her ability to speak. Plaintiff does not assert the ALJ committed harmful error by omitting findings related to her Gabapentin prescription. "[T]he [C]ourt will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks and citations omitted). Even assuming, without deciding, the ALJ committed an error by failing to address side effects related to this one medication, the Court concludes any such error was harmless. The ALJ determined that the medical and testimonial evidence justified significant limitations on Plaintiff's ability to perform work activities and provided an RFC with accommodations consistent with Plaintiff's limitations.

The Court finds that other than any harmless error associated with Plaintiff's medication side effect testimony, the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's testimony, and substantial evidence supports the ALJ's findings.

### B. Step Five Analysis

"There are two ways for the Social Security Administration to meet its burden at step five of the sequential evaluation: (1) through the testimony of a vocational expert, and (2) by reference to the Medical-Vocational Guidelines." *Gregory v. Astrue*, No. CV-08-

0387-PHX-GMS, 2009 WL 607417, at *7 (D. Ariz. Mar. 6, 2009) (citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001)).  The ALJ may pose hypotheticals to the vocational expert to help the ALJ determine what types of jobs, if any, the plaintiff can perform in the national economy.  *See, e.g.*, *Osenbrock*, 240 F.3d at 1162.  The ALJ's hypotheticals need only be based on plaintiff's limitations that the ALJ finds are supported by substantial record evidence.  *Id.* at 1164–65.

Plaintiff argues the ALJ did not solicit testimony from the vocational expert that addressed Plaintiff's alleged limitations, including sleepiness, speaking trouble, shakiness, memory problems, and "neck, hand or headache complaints."  The Commissioner argues the ALJ "posed a complete hypothetical question to the [vocational expert] that included all the limitations he found to be supported by the record."

Here, the ALJ found light work appropriate for Plaintiff's "history of back and sacroiliac pain."  The ALJ further found that "the combination of her conditions and treatment reasonably cause the claimant to have difficulty performing and sustaining medium or greater exertional activity, and she is, therefore, accommodated with the limited requirements of light work."  The ALJ determined Plaintiff's specific limitations required additional accommodations to prevent exacerbated pain.  Those accommodations include the option to sit or stand, and the instruction that any workplace does not demand more than simple, unskilled work tasks.  The ALJ asked the vocational expert to identify potential jobs that are consistent with a light work and permit variable sitting and standing.  The vocational expert then testified that the national economy offers office helper positions that would accommodate Plaintiff's physical and mental limitations.

Therefore, the Court concludes the ALJ did not err by relying on the vocational expert's testimony.

**C. Excluded Evidence**

"Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence . . . *no later than 5 business days before the date of the scheduled hearing*."  20 CFR

§ 404.935(a) (emphasis added).

Plaintiff does not dispute that she submitted medical records within the five days preceding the hearing. Instead, she argues the ALJ may have reached a different result had he considered those untimely submitted medical records. The Court is not persuaded. The ALJ admitted some of Plaintiff's untimely submitted evidence, which was to Plaintiff's benefit. But the ALJ was not obligated to admit or consider any medical records or other evidence submitted within the five-day period. *See id.*

The Court concludes the ALJ did not err by excluding some of Plaintiff's untimely submitted medical records.

## IV.  CONCLUSION

The Court finding no error, therefore,

**IT IS ORDERED** affirming the April 13, 2018 decision of the ALJ as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 28th day of September, 2022.

_Honorable Susan M. Brnovich_
United States District Judge